Stephen A. Wyers and Mary Frances Wyers v. Commissioner.
Wyers v. Commissioner
Docket No. 4463-69 SC.
United States Tax Court
T.C. Memo 1970-229; 1970 Tax Ct. Memo LEXIS 130; 29 T.C.M. (CCH) 983; T.C.M. (RIA) 70229; August 11, 1970, Filed. Stephen A. Wyers, pro se, 11910 Brampton Hunt Rd., Florissant, Mo. Charles M. Lock, for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: Respondent determined a deficiency in petitioners' income tax in the amount of $132 for the year 1965. The only question presented is whether during 1965 petitioners Stephen A. and Mary Frances Wyers furnished more than one-half of the total support for Stephen's son by a prior *131 marriage. Findings of Fact Some of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Stephen A. and Mary Frances Wyers (hereinafter petitioner and Mary) are husband and wife and were residents of Florissant, Mo., at the time the petition herein was filed. Petitioner and Mary filed a joint Federal income tax return for the calendar year 1965 with the district director of internal revenue, St. Louis, Mo. On December 19, 1963, petitioner and his former wife were divorced in the Circuit Court of St. Louis County, Mo. Custody of petitioner's only child born of this marriage was given to petitioner's former wife. At no time during the year in question did petitioner enjoy custody of the child, though he did visit the child during a four-day holiday. During the year 1965, petitioner paid to his former wife amounts aggregating $1,152.92 to be used as support for their child. Petitioner also paid a medical bill attributable to his son in the amount of $11.20. Throughout this period petitioner's 984 son, who was of pre-school age, resided with his maternal grandparents in Denver, Colo. *132 The child's grandparents, who lived in a well-to-do neighborhood, provided the boy with a room in their home, enrolled him in a private school, and took him with them whenever they had occasion to travel. The amount which they spent on his behalf was neither known to petitioner, nor revealed at trial. On their Federal income tax return for 1965 petitioner and Mary claimed petitioner's son as a dependent and accordingly reduced their adjusted gross income by $600. [1] Respondent disallowed the $600 deduction on the ground that petitioner had failed to establish that his support payments constituted more than one-half of the child's total support for the year in question. *133 Opinion In his petition, petitioner questions the logic of any rule which casts doubt on the empirically likely fact that a child of pre-school age, who is in good health, will not require annual support in excess of $2,305.84 - the amount of support payments provided by petitioner multiplied by two. We are in complete sympathy with this view; however, our hands are unfortunately bound by the rigid directive of section 152 (a) and the case law developed thereunder. [2]
*134 Under this section, petitioner has the twofold burden of showing (a) the total cost of his son's support for the year in question, and (b) that he expended more than half of that amount. . The question is purely factual. Crucial to this factual showing is the establishment of a total support figure to enable this Court to ascertain whether the petitioner's contributions exceeded 50 percent of the aggregate. . In the instant case, petitioner was unable to provide us with any information regarding the amount of support provided by either his former wife or his son's maternal grandparents. Accordingly, we have no recourse but to hold that petitioner has failed to prove that his support contributions for the year 1965 exceeded one-half of the total support received by the child. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) Additional Exemption for Dependents. - (1) In general. - An exemption of $600 for each dependent (as defined in section 152) - * * * (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student.↩
2. SEC. 152. DEPENDENT DEFINED. (A) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, * * * The support test in the case of legally separated or divorced taxpayers is now governed by section 152(e). However, since section 152(e) is limited to taxable years beginning after December 31, 1966, our consideration will be restricted to the language of section 152(a)(1) quoted above.↩